UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:04CV633-H

WALTER J. SCHADE,

Plaintiff,

vs.

MBNA AMERICA BANK, NATIONAL ASSOCIATION,

Defendant.

**MUTUAL PROTECTIVE ORDER GOVERNING PRODUCTION OF CONFIDENTIAL RECORDS AND DOCUMENTS**

Upon the parties' stipulation for entry of a Mutual Protective Order, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED as follows:

1. All documents produced by a party in response to or in connection with any discovery conducted in the above entitled action which contains proprietary, sensitive, or other information a party deems confidential, (hereinafter referred to as "Confidential Material"), and any copies, notes or summaries of the foregoing materials referring to or disclosing said Confidential Material, will be governed by this Order.

2. Documents or information may be designated "Confidential Material" within the meaning of this Order by means of the following legend placed on any such document: "Confidential," or by written designation identifying the specific documents to be classified as "Confidential."

3. The only persons to whom the Confidential Material subject to this Order may be disclosed either verbally, visually or otherwise, are as follows:

a. Counsel of record and any employees of the law firms associated with such counsel possessing a need to know for purposes of this litigation.

b. Representatives from the parties to this litigation, but after consultation with their respective counsel for purposes of pursuing or defending this litigation, and in no event will these representatives use the documents and information covered by this Order for any other purpose, other than for said purpose(s) stated herein related to this litigation.

c. The parties.

d. Outside experts not otherwise associated with either of the parties, who are retained by the parties' counsel for purposes of pursuing or defending this litigation.

e. Any person indicated on the face of a document covered by this Order to be the author or recipient, but only as to said document.

f. Witnesses in this case, but solely on a need to know basis and as it solely relates to the witnesses role in this case.

g. This Court, in conjunction with motions, hearings, mediation, facilitation, discovery, trial and/or for other appropriate purposes, under conditions satisfactory to preserve the parties' interests in maintaining the confidentiality of their respective documents and information.

h. Any other person agreed upon by the counsel of record for all parties, with such agreement being confirmed in writing and signed by each such counsel.

4. Confidential Material may be used solely for the purpose of pursuing or defending this litigation and not for any other purpose.

5. The production of any such Confidential Material shall not constitute a waiver of a party's right to claim in this lawsuit that said Confidential Material is not admissible.

6. No person who examines any Confidential Material produced pursuant to this Order shall disseminate orally, in writing or by any other means, any information whatsoever to any person not also authorized to examine Confidential Material under the terms of this Order.

7. After receipt of the above Confidential Material from each respective party, if a party objects to the designation by the producing party of any documents as containing

proprietary or confidential information, that party wishing to challenge said confidentiality shall identify in writing to the producing party each document it wishes to remove from the provisions of this Order. If the producing party is of the continued opinion that such a challenged document contains material that shall remain subject to the provisions of this Order, the issue shall be presented to this Court for decision.

8. Before any documents produced as Confidential Material pursuant to this Order are filed with the Court by either party as attachments to any pleading or motion, the party seeking such use will first contact the counsel for the opposing party to advise of the intended use of the Confidential Material and to discuss alternatives to the filing of same. Any such document that must then be filed with the Court, will be done so under seal.

9. Upon conclusion of this lawsuit, all materials designated as Confidential Material, and all copies made therefrom, in any form, will be returned to the party who produced them, within fourteen (14) days after entry of the Order concluding the case.

This the 23rd day of May, 2005.

*Carl Horn, III*
HONORABLE CARL HORN, III
UNITED STATES DISTRICT COURT JUDGE

Stipulated as to form and content:

*[signature]*
John W. Taylor (N.C.S.B. #21378)
Haley Mathews Jonas (N.C.S.B. #30631)
John W. Taylor P.C.
P.O. Box 472827
Charlotte, North Carolina 28247
(704) 540-3622

Counsel for plaintiff Walter J. Schade

Date: May 10, 2005

*[signature]*
John J Cacheris (N.C.S.B. #20885)
McGuireWoods LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, North Carolina 28202-4011
(704) 373-8999

Counsel for defendant MBNA America Bank, National Association

Date: May 19th, 2005

4